IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| OTIS GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-00263 |
| | ) | |
| v. | ) | |
| | ) | |
| MCCARTHY, BURGESS & WOLFF, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, OTIS GILBERT, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, MCCARTHY, BURGESS & WOLFF, INC., the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. OTIS GILBERT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Terre Haute, County of Vigo, State of Indiana.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Defender's Inc., d/b/a Protect your Home (hereinafter, "the Debt").

6. The Debt was for a home alarm system which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MCCARTHY, BURGESS & WOLFF, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant's principal place of business is located in the State of Ohio. Defendant is incorporated in the State of Indiana.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. Prior to May 1, 2017, Plaintiff received numerous telephone calls from Defendant attempting to collect the aforesaid Debt.

15. On May 1, 2017, Plaintiff returned the calls to Defendant, and connected with a duly authorized representative of Defendant, who stated that he was attempting to collect the Debt from Plaintiff.

16. Plaintiff explained his circumstances of being a disabled veteran who lost his ability to earn enough to continue paying. Plaintiff made offers to pay the debt in small increments that he could afford, at $30 to $40 per month for a few months. Plaintiff offered that he would thereafter review his finances to see if he could afford to increase payments.

17. Defendant refused Plaintiff's attempts at resolving the debt, and demanded that Plaintiff pay more like an amount in excess of $190 per month.

18. Plaintiff advised that that was an amount Plaintiff could not afford, and iterated his desire to settle for an amount that Plaintiff could manage with his disability payments.

19. Defendant then informed Plaintiff that if he did not agree to pay this higher amount, he would mark Plaintiff's account as a "refusal to pay."

20. At no time during the course of the aforesaid telephone conversation did Plaintiff inform Defendant that he refused to pay the debt on which it was attempting to collect.

21. Defendant's representation to Plaintiff that it would mark his account as a "refusal to pay" had the effect of conveying to an unsophisticated consumer that Defendant would refer the debt on which it was attempting to collect to Defender's Inc., d/b/a Protect your Home and Defender's Inc., d/b/a Protect your Home would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

22. Defendant's representation to Plaintiff that it would refer the debt on which it was attempting to collect to Defender's Inc., d/b/a Protect your Home had the effect of conveying to an unsophisticated consumer that Defender's Inc., d/b/a Protect your Home would proceed with initiating a lawsuit against Plaintiff relative to the Debt.

23. To date, Defender's Inc., d/b/a Protect your Home has not filed a lawsuit against Plaintiff for the Debt.

24. Defendant's statement that it would mark Plaintiff's account as "refusal to pay" was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

25. The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for his non-payment of the Debt.

26. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

28. In its attempts to collect the debt allegedly owed by Plaintiff to Defender's Inc., d/b/a Protect your Home, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. **JURY DEMAND**

30. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, OTIS GILBERT, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

        Respectfully submitted,
        **OTIS GILBERT**

      By: s/ Larry P. Smith
        Attorney for Plaintiff

Dated: June 8, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com